UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| **DARNELL FLONDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 12-2115 |
| **SHERIFF OF KANKAKEE COUNTY,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT & RECOMMENDATION

In July 2012, Plaintiff Darnell Fonder filed an Amended Complaint (#23) against Defendant Sheriff of Kankakee County (hereinafter "the Sheriff"), Defendant Kankakee County (hereinafter "the County"), Defendant City of Kankakee (hereinafter "the City"), and individual Defendants Officer Wayne Trudeau and Officer Rod Wagner (hereinafter "the Officers"). Plaintiff brings a claim for violations of his Fourth Amendment rights under 42 U.S.C. § 1983. At the time Plaintiff filed his Amended Complaint (#23), the parties filed a Stipulation (#24) that the pending motions addressed in this Report and Recommendation may stand against the Amended Complaint, subject to approval of the Court. Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In May 2012, the Sheriff and the County filed Defendants Sheriff of Kankakee and Kankakee County's Motion to Dismiss (#8). Plaintiff responded with Plaintiff's Memorandum in Opposition to Sheriff's and County's Motion to Dismiss (#18). In June 2012, the City filed Defendant City of Kankakee's Motion to Dismiss (#15). Plaintiff has entered Plaintiff's Memorandum in Response to City of Kankakee's Motion to Dismiss (#21). Also in June 2012, the City and the Officers filed City Defendants' Motion for Judgment on the Pleadings (#19). Plaintiff responded with Plaintiff's Memorandum in Opposition to Motion of Defendants City of Kankakee, Trudeau, and Wagner for Judgment on the Pleadings (#25).

After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant City of Kankakee's Motion to

Dismiss **(#15)** be **GRANTED**. The Court further recommends that City Defendants' Motion for Judgment on the Pleadings **(#19)** be **DENIED**, and that Defendants Sheriff of Kankakee and Kankakee County's Motion to Dismiss **(#8)** be **DENIED**.

### I. Background

The following background is taken from Plaintiff's Amended Complaint (#23).

On April 24, 2010, Officer Trudeau and Officer Wagner arrested Plaintiff. At the time of the arrest, they had not observed Plaintiff commit an offense, and they conducted the arrest without a warrant. Following the arrest, Plaintiff was transported to the Jerome Combs Detention Center. He was released from custody two days later, on April 26, 2010, and no charges were filed against him. Plaintiff contends he was arrested without probable cause. This claim for false arrest is the basis for Plaintiff's suit against the Officers and the City.

As required by the policies of the Sheriff, before being placed into the general jail population, Plaintiff was subjected to a strip search. Plaintiff contends that the Sheriff's policy of requiring the strip search of arrestees prior to their initial appearance before a judge is unreasonable under the Fourth Amendment. This claim is the basis for Plaintiff's suit against the Sheriff and the County.

### II. Defendant City of Kankakee's Motion to Dismiss (#15)

The City has filed a motion to dismiss, arguing that its policy of authorizing its police officers to make warrantless arrests for offenses not committed in their presence is constitutional. The City relies upon *Woods v. City of Chicago*, 234 F.3d 979 (7th Cir. 2000).

Plaintiff acknowledges that *Woods* is a controlling precedent that this Court must follow. Therefore, Plaintiff concedes that the City's motion to dismiss must be granted.

### III.  City Defendants' Motion for Judgment on the Pleadings (#19)

Despite the fact that this Court has recommended dismissing the City from this case, the Court must nevertheless consider City Defendants' Motion for Judgment on the Pleadings (#19) due to the fact that the City and the Officers jointly submitted this motion, and the Officers remain in the case.  The Officers did not join in Defendant City of Kankakee's Motion to Dismiss (#15).

Defendants bring their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  "Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties."  *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).  A motion for judgment on the pleadings pursuant to Rule 12(c) is subject to the same standard as a Rule 12(b) motion to dismiss.  *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991).  The Court must accept the facts alleged in the complaint in the light most favorable to the plaintiff.  *McCann v. Neilsen*, 466 F.3d 619, 622 (7th Cir. 2006).  Furthermore, the moving party must establish that there are no material issues of fact to be resolved.  *Bannon v. Uni. of Chi.*, 503 F.3d 623, 628 (7th Cir. 2007).

The Court may consider materials beyond the pleadings on a Rule 12(c) motion when they are documents to which the complaint has referred, are authentic, and are central to a plaintiff's claim.  *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).  The court may also take judicial notice of matters of public record.  *Wood*, 925 F.2d at 1582.  If matters outside the pleadings are presented to and not excluded by the court, the motion must be converted as one for summary judgment under Rule 56.  FED. R. CIV. P. 12(d).

Plaintiff correctly notes that the City has not yet filed an answer to his complaint, and therefore granting a Rule 12(c) motion with respect to the City would be premature.  However, the Officers have joined in this motion, and the Officers have filed Defendants Officer Trudeau

and Officer Wagner's Answer to Plaintiff's Complaint (#14). As such, the Court will consider the parties' additional arguments with respect to Defendants' motion for judgment on the pleadings.

Defendants contend that they are entitled to motion for judgment on the pleadings for two reasons. First, Defendants contend that Plaintiff submitted certain facts in a memorandum in response to a motion to dismiss that demonstrate the Officers had probable cause to arrest Plaintiff. Second, Defendants have attached to their motion a signed criminal complaint by an alleged victim, in which she claims that Plaintiff committed a domestic battery against her. (#20-1).

*A. Facts Presented by Plaintiff in his Response to a Motion to Dismiss*

The Court will first consider whether Plaintiff's statements in a memorandum in response to a motion to dismiss may be considered in this Rule 12(c) motion. In his memorandum, Plaintiff wrote:

> On April 23, 2010, a woman named Crystal Davis complained to the Kankakee Police Department that plaintiff had struck her during an argument over the custody of their child. The officers who responded to the scene could not corroborate Davis' allegations, but allowed her to sign a domestic battery complaint.

(#18, p. 2). Plaintiff additionally noted his intention to "supplement the facts alleged in his complaint, in accordance with *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)." (#18, p. 2, n. 2).

According to the relevant passage of *Geinosky*, a motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). However, the Seventh Circuit additionally notes that a plaintiff opposing a motion to dismiss has more flexibility, and he "may elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings." *Id*. The issue here is, when a plaintiff elaborates his factual allegations in this

4

fashion, whether such additional facts may be given the same force of allegations in pleadings in a subsequently filed motion.

This Court believes that the answer to this question must be negative, because *Geinosky* does not authorize the Court to treat such additional facts as if they were contained within the original pleadings, for any purpose other than considering a motion to dismiss against which a plaintiff is defending. The pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d 449, 452 (7th Cir. 1998). Statements made in memoranda submitted to the court do not constitute pleadings. Therefore, the Court will not consider Plaintiff's statement, made in response to a motion to dismiss, as part of the pleadings in resolving this Rule 12(c) motion for judgment on the pleadings.

For the sake of clarity, the Court notes that it does not reach Plaintiff's argument on this matter. Plaintiff argues that his statement in his memorandum, specifically that Crystal Davis complained of domestic abuse and that the Officers gave her a criminal complaint to sign, does not establish that the Officers had probable cause to arrest Plaintiff. Because the Court has determined it will not consider these facts presented outside the pleadings at this stage in litigation, it does not reach this argument.

B. *Attached Criminal Complaint*

Additionally, Defendants submit an exhibit in support of their Rule 12(c) motion. (#20-1). This exhibit is a criminal complaint signed by Crystal Davis. It is stamped as "received" by the City Clerk, City of Kankakee, on May 7, 2012.

The Court may consider materials beyond the pleadings on a Rule 12(c) motion only when they are documents to which the complaint had referred, are authentic, and are central to a plaintiff's claim. *Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009). The Court may also consider documents contained in the public record. *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

Here, the criminal complaint is not referred to in Plaintiff's complaint, and it is not central to his claim. It was never filed in circuit court, and it was first received by the Kankakee City Clerk after this lawsuit was filed. Defendants do not claim that the criminal complaint is a public record. Indeed, Defendants do not offer any basis on which this Court may consider the criminal complaint at this stage in litigation; rather, they assume that it may be considered and argue about its significance to establishing probable cause. With this, Defendants put the cart before the horse. The Court concludes that it cannot consider Defendants' Exhibit A (#20-1) in ruling on Defendants' motion for judgment on the pleadings.

Defendants' further arguments in their motion for judgment on the pleadings are predicated on the ability of this Court to consider the criminal complaint. Specifically, Defendants argue that the Officers are entitled to judgment on the pleadings because the signed criminal complaint provided the officers with probable cause to arrest Plaintiff for domestic battery. Alternatively, Defendants argue that the Officers are entitled to qualified immunity because the criminal complaint provided arguable probable cause for Plaintiff's arrest. Finally, Defendants argue the City is entitled to judgment on the pleadings absent individual liability. The Court does not reach any of these arguments, because they are all predicated on an exhibit that the Court cannot consider at this time.

*C. Summary*

In summary, the Court will not consider Plaintiff's statements included in his previously filed memoranda of law in ruling on Defendants' motion for judgment on the pleadings. Similarly, the Court will not consider Defendants' attached exhibit. Defendants' arguments in support of their motion are predicated on the Court's ability to consider these statements and the exhibit. As such, the Court recommends that City Defendants' Motion for Judgment on the Pleadings (#19) be denied.

**IV. Defendants Sheriff of Kankakee and Kankakee County's Motion to Dismiss (#8)**

Plaintiff's suit against the Sheriff is based on the Sheriff's policy of strip searching all arrestees being detained by the Sheriff prior to their initial appearance before a judge.

(#23, p. 1, ¶ 3). Plaintiff joined the County in this suit for indemnification purposes pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

Defendants' motion to dismiss seeks dismissal under FED. R. CIV. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is appropriate only if a plaintiff cannot demonstrate that he is plausibly entitled to relief under the facts he has alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Defendants argue that Plaintiff's claim against them should be dismissed with prejudice because the Supreme Court of the United States has recently ruled that a policy requiring strip searches of all arrestees entering a jail's general population, regardless of the offense for which

they are arrested, does not violate the constitution. *Florence v. Bd. of Chosen Freeholders*, 132 S.Ct. 1510 (2012). Defendants argue that the Sheriff's policy is identical to the policy upheld in *Florence*.[1]

Plaintiff responds that the Sheriff's policy is not identical to the policy at issue in *Florence*. Specifically, Plaintiff argues that the Supreme Court expressly reserved the question of whether a policy of conducting strip searches of arrestees prior to their initial appearance is constitutional.

In *Florence*, the Supreme Court considered whether every detainee who will be admitted to the general population may be required to undergo a close visual inspection while undressed. *Florence*, 132 S.Ct. at 1513. In considering this issue, the Supreme Court repeatedly stressed the importance of permitting corrections officers to apply general policies. The Court noted that "a responsible Fourth Amendment balance is not well served by standards requiring sensitive, case-by-case determinations of government need, lest every discretionary judgment in the field be converted into an occasion for constitutional review." *Id*., quoting *Atwater v. Lago Vista*, 532 U.S. 318, 347 (2001). The Court further acknowledged that there are significant reasons why the Constitution must not prevent officers from conducting the same search on any suspected offender who will be admitted to the general population in their facilities. *Id*., at 1522.

However, the Court's following statement in the majority opinion is key to determining the outcome of this motion to dismiss:

---

[1]To a lesser extent, Defendants also rely on *Bell v. Wolfish*, 441 U.S. 520 (1979) to support their position. In *Bell*, the Supreme Court determined that visual body-cavity inspections could be conducted with less than probable cause among a population of pre-trial detainees. *Id*. at 560. *Bell* did not address the issue of the Fourth Amendment rights of arrestees prior to their initial appearance in court. For this reason, the Court focuses its discussion on *Florence*, as it is more recent authority, and in any event, the Supreme Court in *Florence* interprets and applies the principles of *Bell*.

> The circumstances before the Court, however, do not present the opportunity to consider a narrow exception . . . which might restrict whether an arrestee whose detention has not yet been reviewed by a magistrate or other judicial officer, and who can be held in available facilities removed from the general population, may be subjected to the types of searches at issue here.

*Id.* at 1523.

In this case, Plaintiff's detention had not yet been reviewed by a magistrate judge or other judicial officer. The facts have not been developed with respect to whether there were other available facilities removed from the general population. Furthermore, the facts have not been developed with respect to the type of strip search at issue in this case.

In summary, though the Court is mindful of the Supreme Court's emphasis on avoiding case-by-case determinations, the Supreme Court expressly reserved the issue of whether its holding in *Florence* may be applied in circumstances such as those that Plaintiff has alleged. Unlike the petitioner in *Florence*, the Plaintiff in this case was detained after a warrantless arrest, and had not had an initial appearance prior to being strip searched. Further factual development of this case is necessary for the Court to ultimately determine the applicability of *Florence.* As such, the Court recommends that Defendants Sheriff of Kankakee and Kankakee County's Motion to Dismiss **(#8)** be **DENIED**.

## V.  Summary

The Court recommends that Defendant City of Kankakee's Motion to Dismiss **(#15)** be **GRANTED**. The Court further recommends that City Defendants' Motion for Judgment on the Pleadings **(#19)** be **DENIED**, and that Defendants Sheriff of Kankakee and Kankakee County's Motion to Dismiss **(#8)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 31st day of August, 2012.

        s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE