UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DARNELL FONDER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 12-CV-2115 |
| SHERIFF OF KANKAKEE COUNTY and ) | |
| KANKAKEE COUNTY, ) | |
| ) | |
| Defendants. ) | |

## OPINION

On January 31, 2014, the parties filed a Status Report on Class Notice (#51). The parties stated that they had been unable to agree on the form of the class notice. This court has carefully reviewed the history of this case and the class notice attached by the parties, including the disputed language. This court concludes that the disputed language should not be included in the class notice. This court also concludes that additional language is necessary in the class notice and has attached a court's proposed class notice.

## BACKGROUND

On October 15, 2013, United States District Judge Michael P. McCuskey entered an Opinion (#49) which granted Plaintiff's Motion for Class Certification. In his Motion, Plaintiff contended that the Sheriff's policy requiring the strip search of arrestees in advance of a judicial determination of probable cause contravenes the Fourth Amendment. Plaintiff asked Judge McCuskey to order that this case proceed as a class action pursuant to Rule 23(b)(3) for:

All persons held in the custody of the Sheriff of Kankakee County

>from April 20, 2010 to the date of entry of judgment who, following a warrantless arrest, were strip searched in advance of a judicial determination of probable cause.

Judge McCuskey agreed with Plaintiff that the proposed class met the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and certified the class as defined by Plaintiff. Judge McCuskey referred the case to Magistrate Judge David G. Bernthal so that a new scheduling order could be entered.

On November 18, 2013, Judge Bernthal held a telephone scheduling conference. Judge Bernthal approved the Proposed Supplemental Scheduling Order (#50) submitted by the parties. This Order stated, in pertinent part, that the parties would seek to agree on a class notice form and opt-out form and submit these documents to the court for its approval by January 31, 2014. The Order stated that the parties would include in this submission proposed dates for mailing the notices and dates for receipt of opt-out requests.

On December 11, 2013, this case was assigned to this court. On January 31, 2014, the parties submitted a Status Report on Class Notice (#51). The parties stated that Defendants have produced information about the identity of the persons who entered the Jerome Combs Detention Center from April 22, 2010 to December 31, 2013. The parties also stated that they had not been able to agree on the form of class notice. They attached a proposed class notice form and proposed opt-out form, with the disputed language in the class notice form highlighted.

The proposed class notice form included the following disputed language:

> If you believe that you are not a proper member of this class, you should return the "opt-out" form to Law Office of Kenneth N. Flaxman, 200 South Michigan Avenue, Suite 200, Chicago, Illinois 60604 on or before April ___, 2014. You are not required to do anything further.

The parties stated that Plaintiff's counsel believes that anyone who receives the notice and believes that he (or she) is not a proper member of the class should not be required by court order to do anything. Plaintiff's counsel believes that requiring persons who are not class members to opt-out is likely to result in misleading information about the number of persons who are not interested in seeking a remedy for an allegedly unlawful strip search and that the only persons who are entitled to opt-out are persons who are class members.

The parties stated that Defendants' counsel disagrees with this position. Defendants' position is that it is not the practice at the Jerome Combs Detention Center to strip search every incoming detainee and that most detainees entering the jail are not strip searched. The class notice is being mailed out to every individual booked into the jail prior to a judicial determination of probable cause, regardless of whether they were strip searched. Defendants' counsel's position is that the disputed language provides an option for individuals who receive the notice but in fact were not strip searched. According to Defendants, these individuals can opt out of the suit by following the instructions in the disputed paragraph.

ANALYSIS

This court has carefully reviewed the proposed class notice form and the proposed opt-out form. This court approves the opt-out form but does not approve the class notice form.

Rule 23(c)(2)(B) applies to classes certified pursuant to Rule 23(b)(3) which is the case here. It provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i)  the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under

Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). Under this Rule, the unnamed class members must be notified and allowed to opt out of the class action. *See Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 820 (7th Cir. 2011). This is important because opting out gives them a chance to litigate their claims in a new suit while those who do not opt out will be bound by the judgment in the class action. *See Randall*, 627 F.3d at 820-21. The United States Supreme Court has held that due process requires, at a minimum, that absent class members be provided with an opportunity to opt out of the class. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *see also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 848 (1999); *Lemon v. Int'l Union of Operating Eng'rs, Local No. 139, AFL-CIO*, 216 F.3d 577, 581 (7th Cir. 2000).

This court agrees with Plaintiff that it is only class members who can opt out of the class. Therefore, the opt-out procedure is not the proper vehicle for determining who actually is or is not a member of the class. If liability is established in this Rule 23(b)(3) class action, an additional notice will be sent to persons who did not opt-out. *See Moore's Federal Practice 3d* § 23.104[3][b], *citing* Fed. R. Civ. P. 23(d)(1)(B) (court may order additional notices to class members, including to invite them to submit claims). This notice will include a proof-of-claim form and will specify a deadline by which class members must submit proof of his or her individual damages claims. *Id.* This notice usually provides that those who fail to submit proof by the deadline set out in the notice will be barred from any recovery. *Id.* This court concludes that this additional notice will be the proper vehicle to determine who is a member of the class. Anyone receiving the notice who was not strip

5

searched will not be able to submit a proof-of-claim form.

For all the reasons stated, the disputed language will not be included in the class notice form. This court also concludes that additional language is necessary to assure compliance with the requirements of Rule 23(c)(2)(B). Therefore, this court has attached a proposed class notice form. Any objections to the court's proposed form must be filed by the parties by March 5, 2014. This court will rule on any objections with the goal of having the class notice form finalized by March 12, 2014.

IT IS THEREFORE ORDERED THAT:

(1) This court approves the proposed opt-out form but does not approve the proposed class notice form. The disputed language will not be included in the class notice form sent to potential members of the class. This court has attached a proposed class notice form which it believes complies with the requirements of Rule 23(c)(2)(B).

(2) The parties must file any objections to the class notice form proposed by the court by March 5, 2014. This court will rule on any objections with the goal of having the class notice form finalized by March 12, 2014.

ENTERED this 28th day of February, 2014.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE